Justice Thomas
delivered the opinion of the Court.
Ordinarily, a federal court considering whether to award permanent injunctive relief to a prevailing plaintiff applies the four-factor test historically employed by courts of equity. Petitioners eBay Inc. and Half.com, Inc., argue that this traditional test applies to disputes arising under the Patent Act. We agree and, accordingly, vacate the judgment of the Court of Appeals.
I
Petitioner eBay operates a popular Internet Web site that allows private sellers to list goods they wish to sell, either through an auction or at a fixed price. Petitioner Half.com, now a wholly owned subsidiary of eBay, operates a similar Web site. Respondent MercExchange, L. L. C., holds a number of patents, including a business method patent for an electronic market designed to facilitate the sale of goods between private individuals by establishing a central authority to promote trust among participants. See U. S. Patent No. 5,845,265. MercExchange sought to license its patent to eBay and Half.com, as it had previously done with other companies, but the parties failed to reach an agreement. MercExchange subsequently filed a patent infringement suit against eBay and Half.com in the United States District Court for the Eastern District of Virginia. A jury found *391 that MercExchange’s patent was valid, that eBay and Half.com had infringed that patent, and that an award of damages was appropriate.[1]
Following the jury verdict, the District Court denied MercExchange’s motion for permanent injunctive relief. 275 F. Supp. 2d 695 (2003). The Court of Appeals for the Federal Circuit reversed, applying its “general rule that courts will issue permanent injunctions against patent infringement absent exceptional circumstances.” 401 F. 3d 1323, 1339 (2005). We granted certiorari to determine the appropriateness of this general rule. 546 U. S. 1029 (2005).
II
According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. See, e. g., Weinberger v. Romero-Barcelo, 456 U. S. 305, 311-313 (1982); Amoco Production Co. v. Gambell, 480 U. S. 531, 542 (1987). The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion. See, e. g., Romero-Barcelo, 456 U. S., at 320.
These familiar principles apply with equal force to disputes arising under the Patent Act. As this Court has long recognized, “a major departure from the long tradition of equity practice should not be lightly implied.” Ibid.; see also Amoco, supra, at 542. Nothing in the Patent Act indi *392 cates that Congress intended such a departure. To the contrary, the Patent Act expressly provides that injunctions “may” issue “in accordance with the principles of equity.” 35 U. S. C. § 283.[2]
To be sure, the Patent Act also declares that “patents shall have the attributes of personal property,” §261, including “the right to exclude others from making, using, offering for sale, or selling the invention,” § 154(a)(1). According to the Court of Appeals, this statutory right to exclude alone justifies its general rule in favor of permanent injunctive relief. 401 F. 3d, at 1338. But the creation of a right is distinct from the provision of remedies for violations of that right. Indeed, the Patent Act itself indicates that patents shall have the attributes of personal property “[sjubject to the provisions of this title,” 35 U. S. C. §261, including, presumably, the provision that injunctive relief “may” issue only “in accordance with the principles of equity,” § 283.
This approach is consistent with our treatment of injunctions under the Copyright Act. Like a patent owner, a copyright holder possesses “the right to exclude others from using his property.” Fox Film Corp. v. Doyal, 286 U. S. 123, 127 (1932); see also id., at 127-128 (“A copyright, like a patent, is at once the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals and the incentive to further efforts for the same important objects” (internal quotation marks omitted)). Like the Patent Act, the Copyright Act provides that courts “may” grant injunctive relief “on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.” 17 U. S. C. § 502(a). And as in our decision today, this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction auto *393 matically follows a determination that a copyright has been infringed. See, e. g., New York Times Co. v. Tasini, 533 U. S. 483, 505 (2001) (citing Campbell v. Acuff-Rose Music, Inc., 510 U. S. 569, 578, n. 10 (1994)); Dun v. Lumbermen’s Credit Assn., 209 U. S. 20, 23-24 (1908).
Neither the District Court nor the Court of Appeals below fairly applied these traditional equitable principles in deciding respondent’s motion for a permanent injunction. Although the District Court recited the traditional four-factor test, 275 F. Supp. 2d, at 711, it appeared to adopt certain expansive principles suggesting that injunctive relief could not issue in a broad swath of cases. Most notably, it concluded that a “plaintiff’s willingness to license its patents” and “its lack of commercial activity in practicing the patents” would be sufficient to establish that the patent holder would not suffer irreparable harm if an injunction did not issue. Id., at 712. But traditional equitable principles do not permit such broad classifications. For example, some patent holders, such as university researchers or self-made inventors, might reasonably prefer to license their patents, rather than undertake efforts to secure the financing necessary to bring their works to market themselves. Such patent holders may be able to satisfy the traditional four-factor test, and we see no basis for categorically denying them the opportunity to do so. To the extent that the District Court adopted such a categorical rule, then, its analysis cannot be squared with the principles of equity adopted by Congress. The court’s categorical rule is also in tension with Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 422-430 (1908), which rejected the contention that a eourt of equity has no jurisdiction to grant injunctive relief to a patent holder who has unreasonably declined to use the patent.
In reversing the District Court, the Court of Appeals departed in the opposite direction from the four-factor test. The court articulated a “general rule,” unique to patent disputes, “that a permanent injunction will issue once infringe *394 ment and validity have been adjudged.” 401 F. 3d, at 1338. The court further indicated that injunctions should be denied only in the “unusual” case, under “exceptional circumstances” and “‘in rare instances ... to protect the public interest.’” Id., at 1338-1339. Just as the District Court erred in its categorical denial of injunctive relief, the Court of Appeals erred in its categorical grant of such relief. Cf. Roche Products, Inc. v. Bolar Pharmaceutical Co., 733 F. 2d 858, 865 (CA Fed. 1984) (recognizing the “considerable discretion” district courts have “in determining whether the facts of a situation require it to issue an injunction”).
Because we conclude that neither court below correctly applied the traditional four-factor framework that governs the award of injunctive relief, we vacate the judgment of the Court of Appeals, so that the District Court may apply that framework in the first instance. In doing so, we take no position on whether permanent injunctive relief should or should not issue in this particular case, or indeed in any number of other disputes arising under the Patent Act. We hold only that the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards.
Accordingly, we vacate the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

It is so ordered.

EBay and Half.eom continue to challenge the validity of Mere-Exchange’s patent in proceedings pending before the United States Patent and Trademark Office.

 Section 283 provides that “[t]he several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable.”